UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Salazar,

                Plaintiff,      Case No. 18-10628

v.                              Judith E. Levy
                                   United States District Judge

Commissioner of Social Security,

                Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO FILE A REPLY/SUPPLEMENTAL BRIEF [21] AND GRANTING IN PART PLAINTIFF'S COUNSEL'S <u>MOTION FOR ATTORNEY FEES [18]</u>**

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 18) and motion to file a reply/supplemental brief. (ECF No. 21.) For the reasons set forth below, the motion to file a reply brief is granted and the motion for attorney fees is granted in part.[1]

---

[1] The Court apologizes to Plaintiff and Plaintiff's counsel for the delay in resolving these motions.

I. **Background**

On March 11, 2015, Plaintiff Robert Salazar filed an application for Social Security disability insurance benefits, alleging a disability beginning on March 9, 2015. (*See* ECF No. 6-2, PageID.45.) Plaintiff's claim was initially denied on August 10, 2015. (*Id.*) On or about September 21, 2015, Plaintiff retained MacDonald & MacDonald, PLLC to represent him with respect to his disability claim. (ECF No. 18-5, PageID.848.) On October 6, 2015, Plaintiff filed a written request for a hearing. (ECF No. 6-2, PageID.45.) On May 23, 2017, a hearing was held before an administrative law judge ("ALJ"). (*Id.*) On August 31, 2017, the ALJ denied Plaintiff's claim for disability benefits. (*See id.* at PageID.42–54.) Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. (ECF No. 6-4, PageID.192, 194). The Appeals Council denied review on February 12, 2018. (ECF No. 6-2, PageID.24–28.)

On February 22, 2018, Plaintiff filed this Social Security appeal. (ECF No. 1.) On July 26, 2018, Plaintiff moved for summary judgment, asserting that the ALJ made several legal errors in denying Plaintiff's claim. (ECF No. 12.) On October 7, 2018, the Court entered a stipulated order remanding the case to the Commissioner for further proceedings

2

under sentence four of 42 U.S.C. § 405(g). (ECF No. 16, PageID.833.) Plaintiff did not file a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "within 30 days of final judgment in the action." *See* E.D. Mich. LR 54.2(a).

On remand, the Social Security Administration found that Plaintiff was disabled as of December 7, 2017. (ECF No. 18-8, PageID.857–858.) In a notice of award dated March 1, 2020, the Social Security Administration informed Plaintiff that it was withholding 25% of his past-due benefits for representative fees in the amount of $8,163.50. (*Id.*)

On March 12, 2020, Plaintiff's counsel, Robert J. MacDonald of MacDonald & MacDonald, PLLC, filed the present motion for an award of attorney fees pursuant to § 406(b). (ECF No. 18.) The Commissioner filed a response opposing an award under § 406(b). (ECF No. 20.) On September 21, 2020, the ALJ authorized MacDonald to collect a fee in the amount of $6,000.00 for proceedings before the Social Security Administration. (ECF No. 21-2.) On October 28, 2020, MacDonald filed a motion for leave to file a reply/supplemental brief (ECF No. 21) and enclosed his proposed reply/supplemental brief. (ECF No. 21-1.)

3

## II. Legal Standard

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). The district court may "determine . . . a reasonable fee for such representation," however an award may not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.* While contingency fee agreements are permissible under the statute, the court must conduct a "review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). "'Within the 25 percent boundary,' prevailing counsel bears the burden of 'show[ing] that the fee sought is reasonable for the services rendered.'" *Id.* (alteration in original).

## III. Analysis

MacDonald's substantive motion seeks $2,163.50 in attorney fees under § 406(b) in addition to the $6,000.00 he was awarded for proceedings before the Social Security Administration. (ECF No. 18,

4

PageID.836; *see* ECF No. 21-2, PageID.879–880.) The Commissioner opposes this request on two grounds: "first, there is no valid contingency fee agreement between plaintiff and counsel for payment of § 406(b) fees, and second, counsel did not seek EAJA fees in this case, which could reduce any possible fees due to him under § 406(b)." (ECF No. 20, PageID.864 (emphasis omitted).) As set forth below, the Court concludes there is a valid contingency fee agreement but will reduce MacDonald's § 406(b) fee award based on his failure to request attorney fees under EAJA.

### A.   The Contingency Fee Agreement

The Commissioner first asserts that MacDonald does not have a valid contingency agreement with Plaintiff regarding fees under § 406(b). (ECF No. 20, PageID.264.) The Court does not agree.

The fee agreement between MacDonald's firm and Plaintiff states, in relevant part:

> I hereby retain MACDONALD & MACDONALD, PLLC, as my attorneys to represent me and my dependents in my claim for Social Security Disability Insurance Benefits. I give my attorneys full authority to act on my behalf in all matters concerning my claim for Social Security Disability Insurance Benefits, including the right to gather medical and other evidence, enter into agreements, appear on my behalf at the

5

Administrative Hearing, and do any other act which in their discretion they consider appropriate.

In consideration for their representation, I agree to pay my attorneys 25% of any past due benefits owed to me and my dependents by the Social Security Administration. I further understand that such a fee shall not exceed $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(a) if the Social Security Administration renders a favorable decision at or before the first administrative hearing. I understand that this fee is contingent upon an award of benefits by the Social Security Administration and that if no benefits are awarded me and my dependents, no fee will be due to my attorneys.

I understand that the Social Security Administration will withhold the sum of 25% of any past due benefits owed to me and my dependents for payment of my attorney's fee and will pay this sum directly to my attorneys. If for any reason, the amount of my attorney's fee is not withheld by the Social Security Administration, I understand that it is my obligation to pay such a fee directly to my attorneys. I also understand that the Social Security Administration has the authority to review any request for an attorney's fee submitted by my attorneys and has the ultimate authority to specify the amount of fee allowable.

(ECF No. 18-5, PageID.848.)

The Commissioner is correct that the agreement cites only to § 406(a) and does not cite to § 406(b). (*See id.*; ECF No. 20, PageID.865.) Additionally, the agreement provides that "*the Social Security*

6

*Administration* has the authority to review any request for an attorney's fee submitted by my attorneys and has the ultimate authority to specify the amount of fee allowable," suggesting that the agreement does not contemplate an award by a district court under § 406(b). (ECF No. 18-5, PageID.848 (emphasis added).) Nevertheless, the agreement also states: "I give my attorneys *full authority* to act on my behalf *in all matters* concerning my claim for Social Security Disability Insurance Benefits, including the right to . . . do *any other act* which in their discretion they consider appropriate." (*Id.* (emphasis added).) Moreover, MacDonald is correct that the agreement contemplates a fee equal to "25% of any past due benefits" and that the $6,000.00 maximum applies only "*if* the Social Security Administration renders a favorable decision at or before the first administrative hearing." (*Id.* (emphasis added); *see* ECF No. 21-1, PageID.874.)

The Court concludes that MacDonald's firm and Plaintiff entered into a valid contingency fee agreement and that the agreement is

7

sufficiently broad to allow a fee award under § 406(b) if the total attorney fees awarded do not exceed 25% of Plaintiff's past due benefits.[2]

## B. Counsel's Failure to Seek EAJA Fees

The Commissioner also asserts that the Court should reduce any award under § 406(b) because MacDonald failed to seek EAJA fees. (ECF No. 20, PageID.866.) The Court agrees.

Under EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "[W]hile fees awarded under 42

---

[2] In a footnote, the Commissioner also argues that Plaintiff's affidavit cannot create an enforceable contingency fee agreement, citing *Thomas v. Astrue*, 359 F. App'x 968, 973 (11th Cir. 2010). (*See* ECF No. 20, PageID.865 n.1.) In *Thomas*, the Eleventh Circuit found that the plaintiff's contingency fee agreement was unenforceable under Georgia law because when the plaintiff "signed the agreement [her attorney] had already completed his representation of her in district court, and her case had been remanded to the Commissioner" and the agreement therefore lacked consideration. 359 F. App'x at 973. Additionally, the court found that "[t]here was no contingency because the outcome already was known." *Id.* (citation omitted). *Thomas* is readily distinguishable from the present case. Here, Plaintiff signed the fee agreement more than two years prior to MacDonald initiating Plaintiff's appeal in this Court. (*See* ECF Nos. 1, 18-5.) Moreover, Plaintiff's subsequent affidavit merely confirms that he "agreed to pay [MacDonald's firm] 25% of [his] past due benefits" (ECF No. 18-4) and does not undermine the validity of his fee agreement with MacDonald's firm.

8

U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citing *Gisbrecht*, 535 U.S. at 795–96). "In other words, Social Security claimants pay section 406(b) fees out of their benefits—benefit payments that would otherwise go into their own pockets—whereas the government must pay EAJA fees independent of the benefits award." *Id.* Additionally, an award under EAJA offsets any award under § 406(b), permitting the claimant to recover an additional portion of their past-due benefits. *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

Courts in this District have repeatedly held that requests for the full amount of attorney fees under § 406(b) are unreasonable where counsel did not timely apply for EAJA fees. *See, e.g.*, *Pasiak v. Comm'r of Soc. Sec.*, No. 17-11401, 2021 WL 3087984, at *6–7 (E.D. Mich. July 22, 2021) (Lawson, J.); *Miller v. Comm'r of Soc. Sec.*, No. 17-12699, 2019 WL 13215555, at *2–3 (E.D. Mich. Dec. 9, 2019) (Drain, J.); *Austin v. Comm'r of Soc. Sec.*, No. 16-CV-14027, 2018 WL 4787656, at *2–3 (E.D. Mich. Oct. 4, 2018) (Friedman, J.). In calculating a reasonable award, these courts have reduced the requested award by the amount counsel could have

9

obtained under EAJA. *See, e.g.*, *Pasiak*, 2021 WL 3087984, at *7 (reducing fee award by $8,965.25); *Miller*, 2019 WL 13215555, at *3 (subtracting $3,875.00 in "fees counsel would have received under the EAJA"); *Austin*, 2018 WL 4787656, at *3 (deducting $7,156.25 for unrequested EAJA fees); *Estep v. Comm'r of Soc. Sec.*, No. 15-10381, 2018 WL 3119076, at *2 (E.D. Mich. Mar. 22, 2018) (Patti, Mag. J.) (recommending a reduction of $3,550.00), *report and recommendation adopted*, 2018 WL 3109585 (E.D. Mich. June 25, 2018) (Berg, J.).

Here, MacDonald did not make a request for EAJA fees. As the Commissioner correctly notes (*see* ECF No. 20, PageID.867 n.2), MacDonald's 14.5 claimed hours for his representation of Plaintiff in federal court would have resulted in an EAJA award of $1,812.50 at the statutory rate of $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). (*See also* ECF No. 18-3, PageID.845.) The Court also finds that attorney fees under EAJA would have been warranted in this case given the government's stipulation to remand following Plaintiff's motion for summary judgment. (*See* ECF No. 16.) *See also* 28 U.S.C. § 2412(d)(1)(A). As such the Court concludes that a full award under § 406(b) would be unreasonable and

10

reduces the award by the amount of EAJA fees counsel could have requested.

MacDonald's arguments opposing a reduction are unsuccessful. He asserts that requiring attorneys to file a motion under EAJA to obtain their full fee under § 406(b) imposes "additional laborious steps" that would "further reduce access to representation" in federal court. (*See* ECF No. 21-1, PageID.876–877.) However, MacDonald fails to explain why a routine motion for attorney fees under EAJA is burdensome or time consuming. Further, "it is routine practice in this district" for the government to stipulate to EAJA fees where the court remands the case for further proceedings. *See Austin*, 2018 WL 4787656, at *2; *cf. Stoica v. Saul*, No. 19-13218, 2023 WL 2301999, at *1 (E.D. Mich. Mar. 1, 2023) (Levy, J.) (noting that, following a stipulated remand, the court entered "a stipulated order for an award of attorney fees under" EAJA "in the amount of $4,375.00").

MacDonald further contends that nothing in Eastern District of Michigan's Local Rule 54.2(a)[3] "mandates or even suggests that motions

---

[3] Local Rule 54.2(a) provides deadlines for filing Social Security fee motions under § 406(b) and EAJA. *See* E.D. Mich. LR 54.2(a).

11

for attorney fees under EAJA must be filed as a prerequisite before seeking fees under 42 USC [§] 406(b)." (ECF No. 21-1, PageID.877.) While that may be true, it does not alter the Court's conclusion that MacDonald's requested § 406(b) award is unreasonable under the circumstances here. Plaintiff should not be penalized $1,812.50 because MacDonald judged it was not worth his time to pursue EAJA fees in this case. *Austin*, 2018 WL 4787656, at *3 ("Plaintiff's counsel did his client a great disservice by not requesting fees under the EAJA.").

Accordingly, the Court grants MacDonald's motion for attorney fees in part. The requested award of $2,163.50 is reduced by $1,812.50, which results in an award of $351.00.

### IV. Conclusion

For the reasons set forth above, Plaintiff's counsel's motion to file a reply/supplemental brief (ECF No. 21) is GRANTED, and Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 18) is GRANTED IN PART in the amount of $351.00.

The Commissioner of Social Security is DIRECTED to disburse $351.00 from the representative fees withheld from Plaintiff Robert Salazar's past-due benefits to Plaintiff's counsel, Robert J. MacDonald of

MacDonald & MacDonald, PLLC, upon presentation of this Opinion and Order.

The Commissioner of Social Security is further DIRECTED to disburse any remaining retained funds to Plaintiff Robert Salazar.

IT IS SO ORDERED.

Dated: December 15, 2023     s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2023.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager